**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Edward MALLORY, Defendant–Appellant.**

**No. 14–17239**

United States Court of Appeals, Ninth Circuit.

Submitted July 26, 2016 *

FILED August 01, 2016

---

reject Bulacan's claim that she was entitled to appointed counsel and a hearing on that question in the district court.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Jason Hitt, USSAC—Office of the US Attorney, Sacramento, CA, for Plaintiff–Appellee

John Paul Balazs, Attorney, Law Offices of John P. Balazs, Sacramento, CA, for Defendant–Appellant

Before: SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Federal prisoner Edward Mallory appeals from the district court's order denying his 28 U.S.C. § 2255 motion as untimely. We have jurisdiction under 28 U.S.C. § 2253. We review de novo the district court's decision that a section 2255 motion is untimely, *see United States v. Battles*, 362 F.3d 1195, 1196 (9th Cir. 2004), and we affirm.

Mallory contends that he is entitled to equitable tolling for the period between January 30, 2012, and July 18, 2012, during which his motion to reduce his sentence under 18 U.S.C. § 3582 was pending in the district court. Neither the pendency of Mallory's section 3582(c)(2) motion nor his lack of legal expertise constitute extraordinary circumstances that kept him from timely filing a section 2255 motion. *See Battles*, 362 F.3d at 1197 (stating standard for equitable tolling); *see also Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("[L]ack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling."). We further note that the issue presented in Mallory's section 3582(c)(2) motion was unrelated to that presented in his section 2255 motion,

and considerations of judicial economy do not require a different result here.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).